UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIMBERLY A. LABAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 2:11-CV-332 RLM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

This cause is before the court on Kimberly Laban's motion for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Laban requests an award of fees in the amount of $7,489.07. The Commissioner hasn't opposed Ms. Laban's request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Ms. Laban requests fees for her attorneys at the rate of $180.86 per hour for work performed in 2011, $183.41 per hour for work performed in 2012, and $186.89 per hour for work performed in 2014. She also requests fees at the rate of $100.00 per hour for work performed by paralegals without legal training and $125.00 for work by a paralegal who has legal training. Ms. Laban

maintains an hourly fee greater than $125.00 is warranted because of "the limited availability of qualified attorneys to litigate Social Security disability cases without a COLA," Mot., at 4, as evidenced by affidavits of two attorneys who handle Social Security cases in the Seventh Circuit and report that while they don't have non-contingent hourly-rates for social security work in federal courts, their non-contingent hourly rate for work comparable to social security appeals (such as insurance or other benefit-related work) ranges from $275 to $500 per hour. *See* Mot., at 4 & Exh. D. Ms. Laban notes, too, that the cost of doing business for her attorneys has risen dramatically since 1996, *i.e.,* rent, wages, employer-sponsored health insurance, and research tools, warranting a cost-of-living adjustment.

In accordance with Section 204(d) of the Act, Ms. Laban has submitted an itemized statement from her attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that his hourly rates for work performed in 2011, 2012, and 2014 are based on "the cost of living adjustments allowed by statute when employing the 'All items' figure provided by the Midwest Consumer Price Index," which is attached to the motion. Mot., at 3 & Exh. 1.

The court finds that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," and counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also*

Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). Counsel's claims for his law clerks/paralegals are also reasonable and comparable to those awarded in similar cases. *See, e.g.*, Chorak v. Astrue, No. 2:11cv114, 2012 WL 1577448 at *2-*3 (N.D. Ind. May 4, 2012) (approving $125 per hour for law clerk and $100 per hour for paralegal); Johnson v. McMahon, No. 05-C-129, 2007 WL 5614102, at *7 (W.D. Wis., Feb. 13, 2007) (approving $100 per hour for paralegal services); Barrientos v. Barnhart, No. 00-C-7407, 2003 WL 1381126, at *2 (N.D. Ill. May 7, 2004) (same). As noted above, the Commissioner hasn't challenged or objected to the hourly rate charged or the amount of fees requested by Ms. Laban.

Based on the foregoing, the court GRANTS Ms. Laban's motion for an award of fees under the Equal Access to Justice Act [docket # 25]. Pursuant to 28 U.S.C. § 2412(d), the court finds that Ms. Laban is entitled to an award of fees in the amount of $7,489.07.

SO ORDERED.

ENTERED:    July 17, 2014

                                            /s/ Robert L. Miller, Jr.
                                            Judge, United States District Court