UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIMBERLY A. LABAN, | ) |
|                     P<small>LAINTIFF</small> | ) |
| vs. | )   C<small>AUSE</small> N<small>O.</small> 2:11-<small>CV</small>-332-RLM-PRC |
| NANCY A. BERRYHILL,[1] A<small>CTING</small> C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY,</small> | ) |
|                     D<small>EFENDANT</small> | ) |

OPINION AND ORDER

Kimberly Laban brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. The court vacated the Commissioner's decision and remanded the case to the Social Security Administration for further proceedings. Ms. Laban ultimately prevailed and was awarded $75,005.50 in past-due benefits. Ms. Laban's counsel, Frederick J. Daley, Jr., has received $7,489.07 for the services he provided pursuant to 28 U.S.C. § 2412(d) and $6,000 in attorney's fees for representing Ms. Laban at the administrative level. Mr. Daley's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court.

An attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of twenty-

---

[1] Nancy A. Berryhill was automatically substituted as the defendant in this case when she replaced Carolyn W. Colvin as the Acting Commissioner of Social Security pursuant to Federal Rule of Civil Procedure 25(d).

five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). While fees may be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Daley asks the court to authorize attorney fees in the amount of $12,751.37, which represents twenty-five percent of Ms. Laban's past-due benefits less the $6,000 he already received, an amount that is within the parameters of Section 406(b) and the parties' contingent fee agreement. The court must now decide whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809.

The government hasn't objected to Mr. Daley's request, and the amount requested, including the $6,000 Mr. Daley received for representation at the administrative level, equals twenty-five percent of the past-due benefits awarded to Ms. Laban. The amount requested, $12,751.37, when combined with the $6,000 Mr. Daley already received, equates to an effective rate of $435.27 per hour (for 43.08 hours). This fee is reasonable in light of the result achieved in this case, Mr. Daley's experience, and the contingent nature of the recovery. *See*

Thomas v. Barnhart, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) (collecting cases finding fees equating to a similar or greater effective rate reasonable).

The record of this case shows that in 2014, after remand to the agency, the court awarded Mr. Daley fees in the amount of $7,489.07 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Fee awards may be made under both the EAJA and Section 406(b), but the claimant's attorney must refund the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Mr. Daley has agreed that he will refund the EAJA award of $7,489.07 to Ms. Laban.

Based on the foregoing, the motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) [Doc. No. 27] is GRANTED, and the court AWARDS fees to plaintiff's attorney Frederick J. Daley, Jr. in the total amount of $12,751.37 paid directly to Frederick J. Daley, Jr. of Daley Disability Law, 601 W. Randolph Street, Suite 300, Chicago, Illinois 60603, The Court further ORDERS Attorney Daley to refund Ms. Laban the sum of $7,489.07, which represents the amount EAJA fees already paid to Mr. Daley and now credited to Ms. Laban.

SO ORDERED.

ENTERED:    April 7, 2017

                                      /s/ Robert L. Miller, Jr.
                                  Judge, United States District Court